ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 2 3 2011

CLERK, U.S. DISTRICT COURT
By_____
                Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

WILLIAM ALLEN ROSS,               §
    Petitioner,               §
                                  §
V.                                §     Civil Action No. 4:10-CV-897-Y
                                  §
RICK THALER, Director,            §
Texas Department of Criminal Justice, §
Correctional Institutions Division,   §
    Respondent.           §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner William Allen Ross, TDCJ-ID #632031, is a state prisoner incarcerated in the

Rudd Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, in

Brownfield, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice,

Correctional Institutions Division.

## C. Factual and Procedural History

On April 1, 2009, petitioner was convicted of driving while intoxicated (DWI) in cause number CCCR-08-03103 in Comanche County, Texas, and sentenced to two years' confinement. (State Habeas Supp. R. at 5)  His two-year sentence was fully discharged on October 13, 2010.[1] Petitioner continues to serve a twenty-year sentence for his manslaughter conviction in cause number CRB-18,248 in Midland County, Texas.

## D. Subject Matter Jurisdiction

Respondent has filed a motion to dismiss the petition for lack of jurisdiction.  (docket entry #9)  This court has the duty to assure that it has jurisdiction over the matters before it.  *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).  Generally, for this court to have subject matter jurisdiction over a claim under § 2254, the petitioner must be "in custody" pursuant to the underlying conviction the subject of the proceeding.  *See* 28 U.S.C. § 2254(a); *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989).  Petitioner's two-year sentence for the DWI conviction fully expired on October 13, 2010, before the instant petition was filed on November 19, 2010.[2]  Thus, petitioner was not in custody under that charge at the time his petition was filed, and the court has no jurisdiction to entertain the petition.

---

[1]Confirmation was obtained through telephonic communication with TDCJ that petitioner's sentence for the DWI conviction was discharged on that date.

[2]*See Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998) (holding, under "prison mailbox rule," pro se habeas petition is deemed filed when papers delivered to prison authorities for mailing).

## II. RECOMMENDATION

Respondent's motion to dismiss should be granted and petitioner's petition for writ of habeas corpus dismissed for want of jurisdiction. Any pending motions not previously ruled upon are denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 17, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until March 17, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February _23_, 2011.

 

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE